**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4759**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

CARL EUGENE MCPHAUL,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Malcolm J. Howard, Senior District Judge.  (7:12-cr-00010-H-1)

Submitted:  April 15, 2013        Decided:  April 25, 2013

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Devon L. Donahue, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl E. McPhaul appeals the district court's judgment imposing a 262-month career offender sentence following his guilty plea to possession with intent to distribute a quantity of cocaine and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (2006), and to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). McPhaul argues that his sentence is procedurally unreasonable because the district court ignored his nonfrivolous arguments for a below-Guidelines sentence and failed to adequately explain the sentence imposed. We affirm.

Because McPhaul preserved his challenge to the adequacy of the district court's explanation, we review for abuse of discretion and must reverse if we find error, unless we determine that it was harmless. United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). However, "it is not necessary that a court issue a comprehensive, detailed opinion," but the explanation must be sufficient to allow for "meaningful appellate review." United States v. Allmendinger, 706 F.3d 330,

343 (4th Cir. 2013) (internal quotation marks omitted). Further, the sentencing court "need not robotically tick through § 3553(a)'s every subsection;" it only must provide "some indication" that it considered the 18 U.S.C. § 3553(a) (2006) factors with respect to the defendant before it and also considered any nonfrivolous arguments raised by the parties at sentencing. United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006); see Carter, 564 F.3d at 328.

McPhaul first claims that the sentence imposed by the district court is procedurally unreasonable because the court did not specifically address any of counsel's arguments other than merely noting McPhaul's status as a career offender. Here, the district court listened to defense counsel's arguments for a downward variance based on the § 3553(a) factors — specifically, that McPhaul had a history of abuse, poverty, and drug addiction and that McPhaul's actions during the instant offense did not warrant a 262-month sentence. Although the district court acknowledged that the instant conduct would not have normally warranted a 262-month sentence, the court stated that "[McPhaul]'s paying the price for the career offender status" (J.A. 51)[*] and declined to vary from the Guidelines range, emphasizing that McPhaul had amassed an average of about one

_____

[*] "J.A." refers to the joint appendix filed by the parties.

3

conviction a year for seventeen years. We conclude that, although the district court did not specifically address each of defense counsel's arguments, the court's comments demonstrated that it found the arguments unpersuasive in light of McPhaul's lengthy criminal history and his status as a career offender.

McPhaul also argues that the district court did not adequately explain its sentence and that his case is similar to one of the defendants in Lynn, see 592 F.3d at 583-85. We disagree. In imposing the 262-month sentence, the district court stated that the findings in the presentence report were "credible and reliable" (J.A. 60), that it calculated the Guidelines range from those findings, and that it considered the § 3553(a) factors as well. The court mentioned McPhaul's extensive criminal history and status as a career offender during defense counsel's arguments for a downward variance. See 18 U.S.C. § 3553(a)(1). The court also stated that it considered McPhaul's background and the nature of the instant offense. See id. The court further recommended that McPhaul be "exposed to the most intense drug treatment possible during the term of his incarceration." (J.A. 62); see 18 U.S.C. § 3553(a)(2)(D). While the district court did not cite to specific § 3553(a) factors in explaining the sentence, it was not required to do so. See United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007) (stating that reasons articulated for

4

given sentence need not be "couched in the precise language of § 3553(a)," so long as "reasons can be matched to a factor appropriate for consideration . . . and [are] clearly tied to [defendant's] particular situation"). We therefore conclude that the district court provided "some indication" that it considered the § 3553(a) factors and defense counsel's nonfrivolous arguments and that McPhaul's sentence is procedurally reasonable. See Montes-Pineda, 445 F.3d at 380.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED